PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAIME REYES, | ) | |
| | ) | CASE NO. 3:13cv302 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JASON BUNTING, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Regarding ECF Nos. 1; 2] |

*Pro se* Petitioner Jaime Reyes filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. Reyes is currently incarcerated in the Marion Correctional Institution, having been convicted in 2002 of two counts of trafficking in drugs pursuant to Ohio Rev. Code. § 2925.03(A),(C)(1)(f), felonies of the first degree with a specification that the defendant is a major drug offender as defined in R.C. § 2929.01; and one count of trafficking in drugs pursuant to R.C. §2925.03(A),(C)(1)(d), a felony of the second degree. ECF No. 1 at 1. He claims he is entitled to habeas relief because his guilty plea was not knowingly, intelligently and voluntarily entered. ECF No. 1 at 3. Petitioner also filed an Application to Proceed *In Forma Pauperis*. ECF No. 2. For the reasons set forth below, the Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, the Petition (ECF No. 1) is denied, and the action is dismissed.

## I. Background

"In February 2002, the Mercer County Grand Jury returned a seven-count indictment against [Petitioner] for trafficking in drugs and possession of drugs, namely cocaine and methamphetamine." *See State v. Reyes*, No. 10-10-20, 2011 WL 2751957, at * 1 (Ohio App. 3 Dist July 18, 2011).

(3:13cv302)

Petitioner entered into a negotiated plea agreement, under which he agreed to plead guilty to two counts of trafficking in drugs, felonies of the first degree with a specification that the defendant is a major drug offender; and one count of trafficking in drugs, a felony of the second degree. *Id.* In exchange for his plea, the State dismissed the remaining counts in the indictment. *Id.* Petitioner was sentenced on September 13, 2002, "to ten years in prison on each of the first two counts and four years in prison on the third count, with all of the sentences to be served consecutively, for an aggregate sentence of twenty-four years of incarceration." *Id.* He did not file an appeal of his conviction. *Id.*

On September 24, 2003, Petitioner filed a motion to withdraw his plea. *Id.* He voluntarily dismissed his motion on June 14, 2006, with permission to re-file. *Id.* In August 2007, five years after his conviction, Petitioner filed a motion for delayed appeal in the Ohio Third District Court of Appeals, which was denied. *Id.* He appealed that denial to the Ohio Supreme Court, which declined to accept the appeal for review. *Id.*

Petitioner then re-filed his motion to withdraw his guilty plea on January 17, 2008, which was denied the next day. *Id.* Petitioner did not appeal that decision. Two years later, on August 12, 2010, Petitioner filed a motion to withdraw his guilty plea and vacate his sentence, which the trial court denied. *Id.* Petitioner appealed to the Ohio Third District Court of Appeals and asserted two assignments of error:

> 1. A sentence that does not include the statutorily mandated term of post release control is void, is not precluded from appellate review by principles of *res judicata*, and may be reviewed at any time, on direct appeal or by collateral attack. Thus the trial court violated Appellant's due process rights when it imposed an illegal sentence upon the Appellant; and

2

(3:13cv302)

> 2.  The trial court committed prejudicial error to the Appellant by overruling Appellant's motion to withdraw his guilty plea, thereby denying his rights to due process of law.

*Id*.  On July 18, 2011, the Court of Appeals found Petitioner's first assignment of error to be well-taken and remanded the case to the trial court. *Id*. at *3.  His second assignment of error was denied. *Id*. at *4.

Petitioner had also filed a motion for resentencing supplemented with a motion to withdraw his guilty plea in the trial court on January 25, 2011, wherein he requested that he be allowed to withdraw his guilty pleas because the trial court did not comply with R.C. § 2943.031 during the change of plea hearing.[1]  *See* http://www2.mercercountyohio.org/pa,; Case No. 02-CRM-024, 1/25/2011 *entry*; *State of Ohio v. Reyes*, Case No. 10-11-20 (Ohio Ct. App. 3d Dist., March 5, 2012).[2]  The court denied the motion to withdraw the guilty plea on the grounds that it was barred by the doctrine of *res judicata*.  *Id*.  Petitioner was resentenced on September 28, 2011 to correct the

---

[1]  R.C. § 2943.031 provides that,

> prior to accepting a plea of guilty. . ., the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
>
>> "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

[2]  The appellate court opinion was attached to Petitioner's Memorandum in Support of Jurisdiction filed in the Ohio Supreme Court, No. 12-0585, April 9, 2012.

3

(3:13cv302)

post release control portion of his sentence— his prison term remained at an aggregate total of twenty-four years.  *See* Case No. 02-CRM-024, 10/14/2011 *entry*.

Petitioner filed an appeal of the denial of his motion to withdraw his guilty plea on October 24, 2011.  *Id*.  He asserted that the trial court erred in denying his motion because *res judicata* did not apply if the trial court did not comply with R.C. § 2943.031 during the plea hearing.  *See State of Ohio v. Reyes*, Case No. 10-11-20 (Ohio Ct. App. 3d Dist., March 5, 2012).  The court of appeals affirmed the trial court's decision, finding that the trial court had no authority to consider his motion to withdraw his guilty plea after the time for filing his direct appeal from his conviction had passed.  *Id*.  In addition, the court held that the issue was barred by the doctrine of *res judicata*  because it could have been raised in Petitioner's prior motions.  *Id*.

Petitioner then appealed that decision to the Ohio Supreme Court.  *See State of Ohio v. Reyes*, No. 12-0585 (Ohio Sup. Ct. filed April 9, 2012).  He asserted one proposition of law:

> Whether the Appellate Court erred when it affirmed the trial court's denial of Appellant's R.C. 2943.031(D) motion to withdraw his guilty plea on the basis of *res judicata* due to appellant's failure to present the issue in his first appeal.

*Id*.  The Ohio Supreme Court declined to accept the appeal on July 5, 2012.  *Id*.

## II.  Habeas Petition

Thereafter, Petitioner filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  He asserts one ground for relief:

> Petitioner's guilty plea is constitutionally void because it was not entered knowingly, intelligently and voluntarily.

ECF No. 1 at 3.  In support of his claim, Petitioner states that neither the trial judge nor his attorney

4

(3:13cv302)

informed him of the deportation/immigration consequences of his plea.  ECF No. 1 at 3.  He states

he later learned that due to his conviction, he would never be able to become a naturalized citizen

of the United States and would never be able to return to the United States if he is deported.  ECF

No. 1 at 3.  He claims that if he had known these things, he would not have pleaded guilty.  ECF No.

1 at 4.  He indicates his conviction should be vacated in its entirety "due to the substantial

Constitutional violation."  ECF No. 1 at 4.

### III.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28

U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed

after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Woodford v. Garceau*, 538

U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  AEDPA was enacted

"to reduce delays in the execution of state and federal criminal sentences, and 'to further the

principles of comity, finality, and federalism.'"  *Woodford*, 538 U.S. at 206 (citing *Williams v.*

*Taylor*, 529 U.S. 420, 436 (2000)).  Consistent with this goal, when reviewing an application for a

writ of habeas corpus by a person in custody pursuant to the judgment of a state court, "a

determination of a factual issue made by a State court shall be presumed to be correct.  The

[petitioner has] the burden of rebutting the presumption of correctness by clear and convincing

evidence."  28 U.S.C. § 2254(e)(1); *see also Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 776 (6th

Cir. 2008).  A federal court, therefore, may not grant habeas relief on a claim that was adjudicated

on the merits in a state court unless the adjudication of the claim either: "(1) resulted in a decision

that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

(3:13cv302)

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774.

A decision is contrary to clearly established law under §2254(d)(1) when it is "'diametrically different,' 'opposite in character or nature,' or 'mutually opposed'" to federal law as determined by the Supreme Court of the United States.  *Williams*, 529 U.S. at 405 (2000).  In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect.  *Id*. at 409.  Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to *dicta*.  *Id*. at 412.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error."  *Wiggins v. Smith*, 539 U.S. 510, 528 (2003).  In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary.  *Id*. at 528-29.  "This standard requires the federal courts to give considerable deference to state-court decisions." *Forensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007); *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998) (AEDPA requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable,'" citing *Lindh v. Murphy*, 96 F.3d 856, 870(7th Cir. 1996)).

### IV.  Exhaustion of State Court Remedies

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...."  28 U.S.C. § 2254(b)(1)(A); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)

6

(3:13cv302)

(*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414-15. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner:

> (1) [] phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2)[] relied upon federal cases employing the constitutional analysis in question; (3) [] relied upon state cases employing the federal constitutional analysis in question; or (4) [] alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law, *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984), and must be presented to the state courts under the same legal theory in which it is later presented in federal court, *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory "which is separate and distinct from the one previously considered and rejected in state court." *Id.*

In the present case, Petitioner did not exhaust his state court remedies because he was

7

(3:13cv302)

procedurally barred from doing so by the state courts.  As noted above, Petitioner did not appeal his

conviction in 2002 and, five years later, attempted to file a delayed appeal, but the court of appeals

denied him leave to do so.  He then filed a motion to withdraw his guilty plea, but the court found

that he could have raised that claim on direct appeal and his motion was barred by the doctrine of

*res judicata*.  He did not appeal that decision.  Instead, he waited two more years, then filed a motion

to vacate his sentence and another motion to withdraw his guilty plea, which was denied insofar as

it sought to withdraw his plea.  The court again found that Petitioner could and should have asserted

this claim on direct appeal and was now barred by *res judicata*.  The Ohio Court of Appeals upheld

that portion of the appeal.  Petitioner filed one more motion to withdraw his guilty plea and was

again told he was barred by *res judicata*.  The Ohio Court of Appeals affirmed this decision, finding

Petitioner was indeed barred by *res judicata* from asserting this claim.  These decisions applying the

doctrine of *res judicata* prevented the state courts from considering the merits of his federal claim

and, thus, Petitioner has not exhausted his state court remedies.

## IV.  Procedural Default

A claim is procedurally defaulted if a petitioner fails to fairly present the federal habeas claim

to the state courts and has no remaining state remedies.  *O'Sullivan*, 526 U.S. at 847-48; *Rust*, 17

*F.3d at 160*.  A procedural default can occur when a petitioner "fails to obtain consideration of a

claim by a state court," either because he failed to raise the claim before the state court or because

a state procedural rule prevented the state court from reaching the merits of the claim, and he has no

available remedy left in state court.  *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir.2000) (citing

*Wainwright v. Sykes*, 433 U.S. 72 (1977)).  When deciding whether a claim has been procedurally

(3:13cv302)

defaulted, a court must first determine whether "there is a state procedural rule that is applicable to the petitioner's claim and [whether] the petitioner failed to comply with the rule." *Maupin v. Smith*, *785 F.2d 135, 138 (6th Cir.1986)*.  Next, a court considers whether the procedural rule was actually enforced in the petitioner's case.  *Id.*  Finally, a court "must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim."  *Id.*

Ohio courts have a default rule barring consideration of claims that should have been raised on direct appeal.  *See State v. Cole*, 2 Ohio St.3d 112, 114 (1982); *State v. Perry*, 10 Ohio St.2d 175, 176 (1967).  Ohio courts have consistently held that claims that can be adjudicated based on facts in the record can only be presented on direct appeal.  *See e.g., State v. Lentz*, 70 Ohio St.3d 527, 529 (1994).  This rule is regularly and consistently applied by Ohio courts, as required by *Maupin*.  *Buell v. Mitchell*, 274 F.3d 337, 348-49 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 554-56 (6th Cir. 2000).  Thus, in the instant case, there is a state procedural rule applicable to Petitioner's case, and the Ohio courts actually enforced the rule in Petitioner's case.  *See Maupin*, 785 F.2d at 138; *see also State of Ohio v. Reyes*, Case No. 10-11-20 (Ohio Ct. App. 3d Dist., March 5, 2012)(stating that the grounds supporting Petitioner's attempts to withdraw his guilty plea could have been raised on direct appeal and that he is now barred from presenting them by the doctrine of *res judicata*).

The last step in the *Maupin* inquiry is whether the state court's decisions barring consideration of the claim on the basis of *res judicata* were "adequate and independent" state grounds.  A decision is based on adequate and independent state grounds when the state law determination is sufficient to support the judgment, and resolution of any independent federal ground

9

(3:13cv302)

for the decision could not affect the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). The doctrine applies to bar federal habeas when a state court declines to address a petitioner's federal claims because the petitioner failed to meet a state procedural requirement. *Id*. Because the state courts declined to address the merits of Petitioner's federal claims in the instant case by invoking the *res judicata* procedural bar, and *res judicata* determinations are adequate and independent state grounds, Petitioner's ground for relief is procedurally barred.

When a claim is procedurally barred, federal habeas review is foreclosed unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [can] demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id*. at 750. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Petitioner does not suggest that any factor external to his defense precluded him from raising his claims on direct appeal of his conviction and offers no explanation for why he did not attempt

10

(3:13cv302)

to file a direct appeal until five years after his conviction.  Nor does Petitioner claim he is innocent of the crimes in the underlying conviction.  *See Dretke v. Haley*, 541 U.S. 386, 392 (2004) (recognizing a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense). Accordingly, Petitioner has not demonstrated "cause" for his default.

## V.  Conclusion

For the reasons stated above, Petitioner's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted; the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied; and this action is dismissed pursuant to Rules Governing Section 2254 Cases, Rule 4. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 July 5, 2013                                    /s/ Benita Y. Pearson
Date                                         Benita Y. Pearson
                                             United States District Judge

11